## No. 26742

## The People of the State of Colorado v. Deborah Maria Neal

(552 P.2d 508)

Decided July 26, 1976.

Floyd Marks, District Attorney, Brian T. McCauley, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, William S. Schurman, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from the Adams County district court by the district attorney for our determination of a question of law. Sec. 16-12-102, C.R.S. 1973.

Involved is a district court affirmation of an Adams County court judgment declaring section 42-2-117(2), C.R.S. 1973, to be unconstitutional. The court acquitted appellee of a criminal charge that she was driving an automobile while her license was under suspension. We disapprove the district court ruling.

Appellee Neal was involved in an automobile accident on or about August 16, 1973. On November 20, 1973, appellee acknowledged receipt by her of a notice dated November 14, 1973. Appellee was informed therein that failure upon her part to comply with at least one of several alternatives within 20 days "will cause suspension of your driver's license." This notice comports with the provisions of section 42-7-301, C.R.S. 1973.

Although not required by statute to do so, the motor vehicle department mailed to the respondent by registered mail to the same address as that used in mailing the November 14 notice an "order of suspension." The registered receipt was signed by a party named "Jim Neal," whose identity was not established at the trial.

On January 18, 1974, a Commerce City police officer cited appellee for driving a vehicle while under suspension in violation of section 42-7-422, C.R.S. 1973. She was tried in the county court and at the close of the evidence her motion for judgment of acquittal was granted. The county court found that there was no evidence proving that appellee had actually received the second mailing containing the "order of suspension." It ruled that the statutory language of the Motor Vehicle Financial Responsibility Act (section 42-7-101 *et seq.*, C.R.S. 1973) that evidence of mailing was sufficient evidence of service was unconstitutional and that it denied the appellee due process. On appeal by the district attorney to the district court the ruling and judgment of the county court was affirmed.

 Both the trial court and the district court on appeal gave undue attention to an irrelevant matter which was extraneous to the issue before the court. There is no requirement that the order of suspension be sent or be received. It is undisputed that the statute providing for the notice of the action to be taken by the licensed driver was fully complied with. There is no dispute that the appellee in this case received the notice and receipted for it. That notice — the crucial one — advised her definitively that unless she took certain actions within the ensuing 20-day period

her license would be suspended. It was suspended, and her driving thereafter while so suspended was a violation of the law. This was all that was before the court.

When the motor vehicle department undertook to mail to appellee the order of suspension, it was a wholly gratuitous action. Failure to prove that appellee received the superfluous mailing which is not required by law was not fatal to the prosecution of the offense charged.

The ruling of the district court is disapproved.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.